```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Roger L. Anderson, et al.,     :

      Plaintiffs,           :

  v.                             :    Case No. 2:05-cv-0701

The Village of Obetz, et al.,   :    JUDGE HOLSCHUH
                                       MAGISTRATE JUDGE KEMP
      Defendants.          :

<u>ORDER</u>

Plaintiffs, both residents of the Village of Obetz, filed this action seeking various types of relief based upon the Village's decision to rezone their properties in 2002. The case is currently before the Court to consider two separate motions filed by plaintiffs to extend the discovery deadline. For the following reasons, those motions will be denied.

The discovery cutoff date, established at the initial pretrial conference was April 28, 2006. On March 31, 2006, plaintiffs moved to extend that date by 45 days. The asserted reason for the extension was that one of the plaintiff's properties was searched by the Obetz Police Department on March 23, 2006, and that additional time would be needed to explore the facts surrounding this search and whether the complaint would be amended to include claims concerning that incident. Additionally, the plaintiffs argued that they needed additional time to complete zoning research and development of the facts concerning how they were notified of the zoning change at issue. They asserted that discovery provided by the defendants did not fully address this issue. In response, the defendants argued that plaintiffs had ample opportunity both during the original filing of this case in the Franklin County Court of Common Pleas

and the refiled version of this case, which was removed from that Court, to obtain the latter information, and that the information is a matter of public record which the plaintiffs were free to explore at any time.  Consequently, they asserted that plaintiffs had not been diligent in conducting discovery and therefore were not entitled to an extension.

Before the Court could rule on the first motion, plaintiffs filed a second motion for an extension of discovery, this time asking for an additional 90 days.  That motion was based upon the assertion that the defendants had refused to provide appropriate documents both during discovery and in response to a public records request and that plaintiffs were then forced to file a mandamus action in the Common Pleas Court in order to obtain public records.  In response to that motion, defendants claim that plaintiffs' assertions concerning the production of documents are simply false.  They attached correspondence to their response indicating that they offered documents in discovery but that plaintiffs never availed themselves of the opportunity to inspect them and also that, at least by May 18, 2006, they had responded to the public records request. Plaintiffs have not filed a reply memorandum, so the Court assumes that the issue with respect to public records has been resolved as indicated in the defendants' response.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in

court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).  It is with these standards in mind that the instant motion will be decided.

    In this case, plaintiffs have provided no factual information, by way of affidavits or even exhibits, to demonstrate that their claim that documents were improperly withheld from them during discovery or as part of a public records request is actually true.  By way of contrast, the defendants have provided exhibits demonstrating that they offered discovery documents to plaintiffs in November of 2005 and responded to plaintiffs' public records request very promptly after it was filed.  There does not appear to be any reason why plaintiffs could not have made such a public records request between 2002 and today's date.  In short, plaintiffs have not

demonstrated the exercise of due diligence with respect to their efforts to obtain documents relating to the rezoning, which documents, in any case, it now appears have been produced to them.

With respect to additional discovery concerning the alleged illegal search of the Roger Anderson property in March of 2006, the Court notes that, under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party...." There is no claim or defense asserted in this case concerning the alleged illegal search, and there is nothing in the record which indicates that the search was in any way connected to the rezoning which is the subject of the complaint. Of course, a party may also, with leave of court, obtain discovery of any matter relevant to the subject matter involved in the case, but the search does not appear to be relevant to the subject matter, either. Further, the discovery deadline has lapsed and summary judgment motions are pending on the issues raised in the complaint. Under those circumstances, the Court is not persuaded that good cause would exist to extend or reopen discovery in order to permit Mr. Anderson to explore issues concerning the search. He is certainly free to file another civil action concerning that incident should the facts so warrant.

Based upon the foregoing, the motions of plaintiffs to extend the discovery deadline (#s 17 and 26) are denied. Defendants' motion (#21) for leave to file a rebuttal *instanter* to plaintiffs' reply is denied as moot because no such reply appears on the Court's docket.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt.

I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge