**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROGER ANDERSON, et al.,** | : | |
| **Plaintiffs,** | : | **Case No. 2:05-cv-701** |
| **v.** | : | **Judge Holschuh** |
| **VILLAGE OF OBETZ, et al.,** | : | **Magistrate Judge Kemp** |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

After their real property was rezoned by the Village of Obetz, Plaintiffs filed suit seeking declaratory relief, compensatory and punitive damages and a writ of mandamus to compel the Village to initiate appropriation proceedings. This matter is currently before the Court on numerous pending motions: (1) Plaintiffs' motion for partial summary judgment (Record at 24); (2) Defendants' motion to strike Plaintiffs' motion for partial summary judgment (Record at 29); (3) Defendants' motion for partial summary judgment (Record at 30); (4) Defendants' motion for sanctions (Record at 34); (5) Defendants' motion to dismiss Counts II, III, and IV of Plaintiffs' Complaint (Record at 42); (6) Defendants' motion to strike Plaintiffs' objection to Magistrate Judge Kemp's order (Record at 45); (7) Defendants' motion to strike Charles Porter's affidavit (Record at 46); (8) Plaintiffs' objection to Magistrate Judge Kemp's orders (Record at 47); (9) Defendants' motion to strike Plaintiffs' memorandum in opposition to the motion for sanctions (Record at 51); and (10) Plaintiffs' motion for leave to reply to motion for sanctions *instanter* (Record at 52).

## I.      Background and Procedural History

Plaintiffs Roger Anderson and Richard Freeman each own a parcel of real property on Pine Drive in Obetz, Ohio.  On October 21, 2002, the Obetz Village Council enacted Ordinance No. 91-02, which  rezoned Plaintiffs' property, and other contiguous property, from Commercial or Light Industrial to Community Facilities District.  (Ex. A to Mem. in Opp'n to Pls.' Mot. Partial Summ. J.).  This new classification allows the property to be used only for government, civic, recreational, and community facilities.

Plaintiffs allege that the property was rezoned without their knowledge or consent, and that they did not discover the reclassification until October of 2004.  Plaintiffs first filed suit in November of 2004, but voluntarily dismissed the case without prejudice in response to Defendants' motion for involuntary dismissal based on failure to prosecute.  In June of 2005, Plaintiffs filed a second suit in the Franklin County Court of Common Pleas; it was removed to federal court.  Defendants include the Village of Obetz, Obetz council members Patty Altevogt, Bonnie Wiley, Mike Sullivan, Kandi Pulley, Sheila Henderson, and James Triplett, former Obetz mayor Louise Crabtree, and Obetz Chief of Police Dana Russell.

Plaintiffs assert five causes of action.  Count I alleges that the zoning classification is invalid because Defendants failed to provide the required 30-day notice of the hearing on the proposed reclassification.  Count II alleges that the zoning reclassification constitutes a "taking" under the United States and Ohio Constitutions.  Count III alleges that the reclassification constitutes a temporary taking.  Count IV alleges fraud.  Count V alleges a violation of Roger Anderson's Fourth Amendment rights based on a warrantless search of his property in April of 2005.  Plaintiffs seek declaratory relief as well as damages.  They also seek a writ of mandamus

to compel Defendants to commence appropriation proceedings.

## II.    Plaintiffs' Objections to Magistrate Judge Kemp's Order Denying Plaintiffs' Motions to Extend Discovery

The discovery deadline in this case was April 28, 2006.  On March 31, 2006, Plaintiffs moved to extend the discovery deadline so that they could explore facts concerning a search of Plaintiff Freeman's property by police officers on or about March 23, 2006, and determine whether an additional cause of action existed.  Before the court was able to rule on that motion, Plaintiffs filed a second motion to extend the discovery deadline, claiming that Defendants had failed to provide requested documents related to the rezoning and to the search of Plaintiff Anderson's property in April of 2005.

On June 26, 2006, Magistrate Judge Kemp issued an Order denying both motions.  He found that Plaintiffs had failed to establish that any documents were improperly withheld, and had not demonstrated the exercise of due diligence with respect to efforts to obtain the documents.  With respect to discovery related to the "alleged illegal search of the Roger Anderson property in March of 2006," Magistrate Judge Kemp found that because there was no claim or defense concerning that particular search, the requested discovery was not relevant and there was no good cause to reopen discovery.

On July 6, 2006, Plaintiffs filed certain exhibits, purportedly in response to Magistrate Judge Kemp's Order, but failed to file any objections.  Defendants responded with a motion to strike.  (Record at 45).  The Court considers that motion moot because two days later, Plaintiffs filed the objections; Defendants then filed a memorandum in opposition.  Because Magistrate Judge Kemp's Order denying Plaintiffs' motions to extend discovery deadlines concerned a non-dispositive matter, the court can modify it or set it aside only if it is "clearly erroneous or

3

contrary to law." Fed. R. Civ. P. 72(a).  Plaintiffs raise two objections to Magistrate Judge

Kemp's June 26, 2006 Order, neither of which has merit.

First, Plaintiffs argue that, in finding that discovery related to the search of *Roger

Anderson's* property was irrelevant, Magistrate Judge Kemp apparently overlooked Count V of

the complaint, in which Anderson asserts a Fourth Amendment claim based on the allegedly

illegal search of his property.  Defendants note that Magistrate Judge Kemp's reference to the

search of *Roger Anderson's* property in March of 2006 was clearly inadvertent.  Magistrate

Judge Kemp obviously meant to state that discovery related to the search of *Richard Freeman's*

property in March of 2006 was irrelevant.  He ruled on this issue in response to Plaintiffs' first

motion for an extension of the discovery deadline, in which they requested additional time to

explore the facts surrounding the allegation that "reports made by Plaintiff Richard Freeman that

officers of the Obetz Police Department may have created an additional cause of action by

unlawfully searching his property on or about Thursday March 23rd, 2006."  While the Order

does contain a clerical error, the error is obvious and easily corrected by substituting the proper

plaintiff's name.  The Court finds that Magistrate Judge Kemp correctly determined that because

the discovery deadline had passed and motions for summary judgment were already pending, no

good cause existed to extend the discovery deadline to permit Plaintiffs to explore an additional

cause of action based on the search of Freeman's property.

Second, Plaintiffs argue that they are still entitled to the names of the officers who

searched Anderson's property in April of 2005, and documents showing that ten or more parcels

of land were rezoned in October of 2002.  Plaintiffs contend that they have requested this

information through discovery and through public records requests, but have not yet received it.

In his June 26, 2006 Order, Magistrate Judge Kemp noted that Defendants submitted affidavits demonstrating that the requested documents have been available to Plaintiffs for quite some time, and that Plaintiffs submitted no affidavits or other evidence to the contrary.  He concluded that because Plaintiffs had failed to demonstrate the exercise of due diligence, no good cause existed to extend the discovery deadlines.  There is absolutely no basis in the record to support a finding that this holding was clearly erroneous or contrary to law.

For these reasons, Plaintiffs' objections (Record at 47) to Magistrate Judge Kemp's June 26, 2006 Order are overruled.

## III.    Defendants' Motion for Sanctions for Failure to Appear at Depositions

On June 22, 2006, pursuant to Federal Rule of Civil Procedure 37(d), Defendants moved for sanctions against Plaintiffs for failure to appear at their depositions on April 25, 2006.  The rule states, in pertinent part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . In lieu of any order, or in addition thereto, the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (emphasis added).  Defendants request either that they be awarded $962.83 in attorney fees and costs and an order requiring Plaintiffs to appear for their depositions or, in the alternative, that the Court dismiss Plaintiffs' action with prejudice.  Because Plaintiffs have failed to show that their failure to appear at the depositions was substantially justified, and because no circumstances exist that would make an award of expenses unjust, the Court grants

5

Defendants' motion in part.

Plaintiffs waited nearly three months to respond to Defendants' motion for sanctions.  On September 19, 2006, Plaintiffs filed several exhibits related to the depositions but no accompanying memorandum.  The following day, Defendants moved to strike the exhibits, noting that they were not timely filed and contained no memorandum in support as required by S.D. Ohio Civ. R. 7.2(a)(1).  The Court agrees that the exhibits were improperly filed and orders Document 50 stricken from the record.

On September 21, 2006, Plaintiffs requested leave to file a response *instanter*.  Their attorney stated his failure to respond sooner had been an oversight.  His father had been in poor health and had then passed away, and he had been busy moving his mother from Florida to Ohio. He admitted that this was no excuse, but claimed that Defendants would not be prejudiced by the delay.  Defendants objected to Plaintiffs' request, noting that during this same time period, Plaintiffs' counsel had found time to file several other documents, including his own motion for summary judgment.  Because the Court prefers to rule on the merits of Defendants' motion, the Court will give Plaintiffs' counsel the benefit of the doubt and grant his motion for leave to file a memorandum in opposition to the motion for sanctions *instanter*.

As noted earlier, the discovery deadline in this case was set for April 28, 2006.  On April 10, 2006, Defendants filed Notices to take Plaintiffs' depositions on April 18, 2006.  (Ex. A to Mot. for Sanctions).  On April 16, 2006, Plaintiffs' counsel responded that he would be out of town on that date.  He suggested the depositions be rescheduled for the week of May 8, 2006 or May 15, 2006.  (Ex. B to Mot. for Sanctions).  The next day, Defendants' counsel responded via fax and e-mail.  She noted that the suggested dates were beyond the discovery deadline.  She

stated that she would be available to take Plaintiffs' depositions any date between April 19th and

April 27th, and asked Plaintiffs' counsel to advise her of their availability.  (Ex. C to Mot. for

Sanctions).  On April 19, 2006, because Plaintiffs' counsel had not yet responded, Defendants'

counsel filed Revised Notices to take Plaintiffs' depositions at 10:00 a.m. and 1:00 p.m. on April

25th.  These notices were served on Plaintiffs' counsel that same day through the Court's

electronic filing system.  Defendants' counsel also mailed a hard copy of the notices, along with

a cover letter stating that unless she received a court order quashing the notices, she planned to

see Plaintiffs' counsel and his clients on the 25th.  (Ex. D to Mot. for Sanctions).

When neither Plaintiffs nor their attorney appeared for the scheduled depositions,

Defendants placed the following evidence on the record.  Jessica Philemond, an attorney at the

law firm representing Defendants, testified that on the afternoon of April 24th, she received a

phone call from Doug Browell, the solicitor for the Village of Obetz.  Plaintiffs' counsel was in

Browell's office and wanted to confirm that Plaintiffs' depositions were going forward on April

25th.  Plaintiffs' counsel told Philemond that his clients were prepared to appear and that he

would make them available on that date.  (Ex. F to Mot. for Sanctions).  However, at 9:42 a.m.

on the morning of the depositions, Defendants' counsel received a fax from Plaintiffs' counsel.

It read:

> I only received your letter of April 19 regarding the depositions of
> Roger Anderson and Richard Freeman yesterday.  I will unable
> [sic] to make it today, however I have cleared out my schedule for
> Thursday, April 27.  Unless I hear otherwise, I will assume this
> will work out for you.

(Ex. G to Mot. for Sanctions).

Plaintiffs' memorandum in opposition to the motion for sanctions fails to explain why

they failed to appear for their properly-noticed depositions on April 25th.  In the Court's view,

that memorandum is significant for what it does not say.  Plaintiffs' counsel does not deny that

he failed to respond to defense counsel's April 17th correspondence about rescheduling the

depositions.  Neither does he deny that on April 19th he received electronic notice that his clients

would be deposed on April 25th.  He says only that he did not get the hard copy of the notices

via regular mail until April 24th.  Even then, Plaintiffs' counsel offers absolutely no excuse for

waiting until the 25th, just 18 minutes before the depositions were scheduled to begin, to notify

Defendants that he had a conflict.

Plaintiffs argue only that: (1) it would have been common courtesy for Defendants'

counsel to consult with Plaintiffs' counsel prior to rescheduling the depositions; and (2) that

Defendants failed to exhaust extrajudicial means for resolving discovery disputes as required by

S.D. Ohio Civ. R. 37.1 prior to filing the motion for sanctions.[1]  The Court rejects both of these

arguments.  Counsel for Defendants *did* consult Plaintiffs' counsel about dates for rescheduling

the depositions, but he failed to respond.  Because the discovery deadline was fast approaching,

she understandably picked a new date and sent revised notices.  Moreover, while S.D. Ohio Civ.

R. 37.1 does generally require parties to exhaust extrajudicial means for resolving discovery

disputes prior to seeking court intervention, that requirement is often waived when, as here, any

such attempts would be futile.  Because it is unlikely that, absent a court order, Plaintiffs would

have agreed to the sanctions sought by Defendants, Defendants were not required to exhaust

---

[1]  Plaintiffs also argue that Defendants have obstructed discovery and filed frivolous
objections to Plaintiffs' pleadings, but these arguments are irrelevant to the question of whether
sanctions should be imposed for Plaintiffs' failure to appear at the depositions.

extrajudicial means prior to filing their motion.

The Court finds that, under the circumstances presented here, sanctions are clearly warranted.  The only question is what sanctions are appropriate.  In the Court's view, dismissal of Plaintiffs' case with prejudice is too harsh.  However, an award of reasonable expenses incurred as a result of Plaintiffs' failure to appear at their scheduled depositions is warranted. Because Plaintiffs' absence appears to be attributable solely to Plaintiffs' counsel, the Court awards those sanctions against him alone.

In support of the motion for sanctions, Defendants submitted Ms. Philemond's affidavit. Attached to the affidavit are billing records indicating that, as a result of Plaintiffs' failure to appear, Defendants incurred $891.50 in attorney fees and $71.33 in court reporter fees. (Philemond Aff.; Exs. 1-3).  Defendants therefore seek a total of $962.83 in expenses.  The Court finds that this is excessive.  According to the billing statements, in addition to the 2.5 hours billed by the attorneys on the day of the depositions, Philemond spent another 5.9 hours in May and June of 2006 drafting the motion for sanctions.  In light of the fact that the motion for sanctions is only five-and-a-half pages long, the Court finds that this is an unreasonable amount of time.  The Court finds that an award of $350.00 in attorney fees is reasonable, along with $71.33 in court reporter fees.  Plaintiffs' counsel is therefore ordered to pay $421.33 to Defendants within 30 days of the date of this Order.

As an additional sanction, Defendants request that they be given another opportunity to depose Plaintiffs even though the discovery deadline has now passed.  The Court denies this request.  After Plaintiffs failed to appear at their depositions on April 25th, Defendants made no effort, prior to the discovery cutoff, to compel the depositions or to extend the discovery

deadline.  The Court sees no reason, at this stage in the litigation, to reopen discovery for either party.

## IV.     Cross Motions for Partial Summary Judgment

Defendants have moved for partial summary judgment on Counts I, II, and III of Plaintiffs' complaint, as well as the derivative claim for a writ of mandamus.  Plaintiffs have moved for partial summary judgment on Count I of the complaint.

### A.     Standard of Review

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The standard for summary judgment is found in Federal Rule of Civil Procedure 56(c):

> [Summary judgment] . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)).  See also Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.  Lashlee v. Sumner,  570 F.2d 107, 111 (6th Cir. 1978).  The court's duty is to determine only whether sufficient evidence has been presented to

10

make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law.  Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003).  All the evidence and facts, as well as inferences to be drawn from the underlying facts, must be considered in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986);  Wade v. Knoxville Util. Bd., 259 F.3d 452, 460 (6th Cir. 2001).  Additionally, any "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-60 (1970).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson, 477 U.S. at 247-48 (emphasis in original).  A "material" fact is one that "would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of [an] appropriate principle of law to the rights and obligations of the parties."  Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).  See also Anderson, 477 U.S. at 248.  An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  See also Leary, 349 F.3d at 897.

11

If the moving party meets its burden, and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.  The nonmoving party must demonstrate that "there is a genuine issue for trial," and  "cannot rest on her pleadings."  Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  Anderson, 477 U.S. at 252.  The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993).  The court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence.  Anderson, 477 U.S. at 251-52; Lansing Dairy, Inc., 39 F.3d at 1347.

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation.  Taft Broad. Co. v. U.S., 929 F.2d 240, 248 (6th Cir.1991). "The fact that both parties have moved for summary

judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits." Id. (citations omitted).

### B.    Count I

In Count I of the Complaint, Plaintiffs allege that the zoning reclassification is invalid because Defendants violated Ohio Revised Code § 713.12.  That statute reads, in pertinent part:

> Before any ordinance, measure, regulation, or amendments thereto, authorized by sections 713.07 to 713.11, inclusive, of the Revised Code, may be passed the legislative authority of the municipal corporation shall hold a public hearing thereon, and shall give at least thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipal corporation. If the ordinance, measure, or regulation intends to re-zone or re-district ten or less parcels of land, as listed on the tax duplicate, written notice of the hearing shall be mailed by the clerk of the legislative authority, by first class mail, at least twenty days before the date of the public hearing to the owners of property within and contiguous to and directly across the street from such parcel or parcels, to the addresses of such owners appearing on the county auditor's current tax list or the treasurer's mailing list and to such other list or lists that may be specified by the legislative authority. The failure of delivery of such notice shall not invalidate any such ordinance, measure or regulation.  During such thirty days the text or copy of the text of such ordinance, measure, or regulation, together with the maps or plans, or copies thereof, forming part of or referred to in such ordinance, measure, or regulation and the maps, plans, and reports submitted by the planning commission, board, or officer shall be on file, for public examination, in the office of the clerk of the legislative authority or in such other office as is designated by the legislative authority.

Ohio Revised Code § 713.12.

Plaintiffs and Defendants have filed cross-motions for summary judgment on Count I. The Court turns first to Plaintiffs' motion.

13

### 1.    Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs argue that Defendants failed to give the required 30-day notice of the proposed

zoning change.  Plaintiffs note that on August 26, 2002, the Village of Obetz published a notice

in the Columbus Dispatch which stated:

> The Planning and Zoning Commission will hold a special meeting
> for a public hearing on the 10th day of September 2002 at 6:00
> P.M. at the offices of the Village of Obetz, 4175 Alum Creek
> Drive, Obetz, Ohio.  The agenda will include: 1. A review of the
> proposed amendment to the current zoning code, zoning map, and
> subdivision regulation of the Village of Obetz, along with the
> adoption of the Triangle Area Land Use Plan, Obetz Junction
> Center Development Standards and Alum Creek Development
> Standards.

(Ex. B to Pls.' Mot. Partial Summ. J).  Plaintiffs argue that, on its face, this notice fails to comply

with Ohio Revised Code § 713.12 because it provides only 15 days notice of the meeting.

Plaintiffs further argue that the notice is not specific enough because it does not identify the

parcels of land affected or the nature of the proposed amendments.

Defendants moved to strike Plaintiffs' motion for partial summary judgment.  They note

that Plaintiffs, in support of their motion, submitted only an unverified copy of a township roster,

and a copy of a posting of the August 26, 2002 notice from the Columbus Dispatch.  Defendants

argue that this evidence is inadmissible and cannot be considered.  They then argue that because

Plaintiffs have failed to put forth any admissible evidence in support of their motion, the motion

fails to comply with Federal Rule of Civil Procedure 56(c) and should, therefore, be stricken.

Defendants' argument lacks merit.  Official publications like the township roster, and newspaper

articles, are both self-authenticating.  See Fed. R. Evid. 902(6) and (7).  Moreover, while a lack

of admissible evidence may preclude the Court from granting summary judgment in favor of the

14

moving party, a lack of admissible evidence does not provide a basis for striking the motion from the record altogether. The Court therefore denies Defendants' motion to strike.

In their memorandum in opposition to Plaintiffs' motion for partial summary judgment, Defendants argue that Plaintiffs have focused their attention on the wrong meeting. Because the Zoning and Planning Committee is not the "legislative authority" that passes ordinances, it is not subject to the 30-day notice requirement of Ohio Revised Code § 713.12. It is irrelevant whether the public had 30-day notice of the September 10, 2002 meeting of the Zoning and Planning Committee. The Village Council is the "legislative authority" empowered to pass ordinances, including zoning reclassifications. The Village Council complied with its statutory duty under § 713.12 by publishing a notice in the Columbus Dispatch on September 13, 2002. That notice read:

> The Village Council will hold a public hearing on the 14th day of October, 2002, at 6:00 p.m. at the offices of the Village of Obetz . . . . The agenda will include:
> 1. A review and discussion for adoption of the proposed amendments to the current zoning code, zoning map, and subdivision regulations of the Village of Obetz. . . A copy of the document for the proposed adoptions is available for the public to review at the Village of Obetz Administrative Offices.

(Ex. 2 to Daniel Aff.; Ex. C to Mem. in Opp'n to Pls.' Mot. Partial Summ. J).

Plaintiffs did not file a reply brief and have not otherwise responded to Defendants' argument. The Court finds that Defendants have presented sufficient evidence from which a reasonable jury could find that the Village of Obetz did, in fact, comply with the statutory 30-day notice requirement set forth in Ohio Revised Code § 713.12 when it rezoned Plaintiffs' property. The Court therefore denies Plaintiffs' motion for partial summary judgment on Count I.

### 2. Defendants' Motion for Partial Summary Judgment

15

Defendants have also moved for partial summary judgment on Count I.  They argue that Plaintiffs' claim is barred by the two-year statute of limitations set forth in Ohio Revised Code § 713.121.  In addition, Defendants argue that Plaintiffs' claim fails on the merits.  The Court agrees that summary judgment is warranted on both grounds.

The Village of Obetz passed the zoning ordinance at issue on October 21, 2002, but Plaintiffs did not file their initial complaint until November 16, 2004.  Count I of the complaint, which alleges that the zoning ordinance is invalid because Defendants failed to give the required 30-day notice, is clearly a challenge to the procedures used in adopting the ordinance.  The relevant statute reads, "[n]o action challenging the validity of a zoning ordinance . . . because of a procedural error in the adoption of the ordinance . . . shall be brought more than two years after the adoption of the ordinance."  Ohio Revised Code § 713.121.  Because Plaintiffs waited more than two years to challenge the ordinance, Count I of the complaint is clearly time-barred.

Moreover, based on the evidence presented, no reasonable jury could find that Defendants failed to give proper notice of the proposed zoning change.  As noted above, a notice was published in the Columbus Dispatch on September 13, 2002, more than 30 days before the October 14, 2002 meeting at which the zoning ordinance was passed by the Village Council.  The notice complied with the statutory requirements in that it provided 30-day notice and informed the public that the relevant documents were available for inspection at the Village offices.

While Plaintiffs have attempted to create a factual dispute concerning whether individualized notice of the proposed zoning change was required, they have failed in that attempt.  The statute requires individualized notice to property owners only if ten or less parcels

16

of land will be rezoned.  See Ohio Revised Code § 713.12.  Douglas Browell, Village

Administrator for the Village of Obetz, has submitted an affidavit stating that more than ten

parcels of property were rezoned on October 21, 2002.  (Browell Aff. ¶ 6; Ex. D to Defs.' Mot.

Partial Summ. J.).  Plaintiffs have submitted no evidence to the contrary.

Because Plaintiffs' claim is time-barred, and because they have failed to submit any

evidence from which a reasonable jury could find that Defendants failed to comply with Ohio

Revised Code § 713.12 in rezoning Plaintiffs' property, the Court grants Defendants' motion for

summary judgment on Count I of the Complaint.

### C.    Counts II and III

Defendants have also moved for summary judgment on Counts II and III of the

Complaint.  Count II alleges that the zoning reclassification denies Plaintiffs all economically

viable use of their property and constitutes an unconstitutional taking in violation of the Fifth

and Fourteenth Amendments to the United States Constitution and Section 19, Article I of the

Ohio Constitution.  Count III alleges that the rezoning classification resulted in a temporary loss

of value in the property and constitutes a temporary taking.

Defendants contend that these claims are not yet ripe.  In Williamson County Regional

Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985), the Supreme Court held that  a

takings claim brought under § 1983 is not ripe until: (1) there has been a final decision by the

relevant governmental entity concerning the application of the zoning ordinance to the property

at issue; and (2) the property owner has sought and been denied compensation through

appropriate state procedures.  Id. at 186.  With respect to the first prong of the test, the Court

held that until the planning commission determined that no zoning variances would be granted, it

would be impossible to determine whether the property owner had been deprived of all economic benefit of the property.  Id. at 191.  With respect to the second prong of the test, the Court noted that the Constitution prohibits only a "taking without just compensation."  If the state provides an adequate procedure for seeking compensation, and just compensation is provided, there is no constitutional violation.  The takings claim, however, is not ripe until the property owner has requested and been denied such compensation.  Id. at 194-95.  In Ohio, the appropriate method for seeking compensation for an alleged regulatory taking of property is a petition for a writ of mandamus to compel the government to initiate appropriation proceedings.  See Coles v. Granville, 448 F.3d 853, 861 (6th Cir. 2006); McNamara v. City of Rittman, 473 F.3d 633, 638 (6th Cir. 2007).[2]

It is undisputed that Plaintiffs, in this case, have not applied for a zoning variance, nor have they sought and been denied a petition for a writ of mandamus under Ohio Revised Code § 2731.01.  In their memorandum in opposition, Plaintiffs argue that they have not applied for a zoning variance because, even if granted, the property would no longer be worth what it was prior to the rezoning.  Plaintiffs contend that "[s]hort of rezoning the property back to the former "Light Industrial" status, for which the Village of Obetz has not offered to do, no variance or zoning procedure will compensate the Plaintiffs for their loss."  (Mem. in Opp'n at 14). Plaintiffs, however, have not asked the Village to rezone the property back to "Light Industrial." Until they do so, and their request is denied, their Takings Clause claim is not ripe.

_____

[2]  This same analysis applies to takings claims brought under the Ohio Constitution.  See Shemo v. Mayfield Hts. (2002), 95 Ohio St.3d 59, 63; Duncan v. City of Mentor City Council, 105 Ohio St. 3d 372, 2005-Ohio-2163, at ¶¶ 11-13.

Moreover, Plaintiffs have not yet requested and been denied compensation through Ohio's established procedures.  Plaintiffs argue that, following a taking, the Village is statutorily required, in the first instance, to approach them with an offer of just compensation.  See Ohio Revised Code §§ 163.01 *et seq.*  Plaintiffs concede, however, that since the Village has not yet done that, the appropriate remedy is to file a petition for a writ of mandamus.  They claim that they have done so through this lawsuit.

As discussed in greater detail in the next section of this Opinion, to the extent that Plaintiff's complaint could be construed to include a petition for a writ of mandamus, that petition is woefully inadequate.  But even if the petition for the writ were sufficiently pled, it is undisputed that Plaintiffs have not yet exhausted that avenue of relief.  Because the writ has not yet been granted, and the Village has not yet denied Plaintiffs just compensation for their property through Ohio's appropriation proceedings, Plaintiffs' federal and state Takings Clause claims are not ripe, and this Court lacks jurisdiction to adjudicate them.  Counts II and III of the complaint are therefore dismissed without prejudice.[3]

### D.     Prayer for Writ of Mandamus

In the prayer for relief, Plaintiffs "further request the Court to issue a Writ of Mandamus to compel defendants to commence appropriation proceedings."  This request appears to be somewhat of an afterthought.  The complaint makes no other mention of appropriation proceedings or the requested writ.

---

[3]  Because the Court finds that the claims asserted in Counts II and III are not yet ripe, and that the Court therefore lacks jurisdiction over them, the Court need not address Defendants' alternative arguments that these claims are improperly pled as direct constitutional violations and are barred by the statute of limitations applicable to claims brought under 42 U.S.C. § 1983.

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' claim of mandamus for failure to state a claim upon which relief may be granted. The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

Defendants argue that Plaintiffs' petition for a writ of mandamus is deficient in at least two respects. First, Plaintiffs failed to bring the action in the name of the state as required by Ohio Revised Code § 2731.01. This requirement is mandatory. Since Plaintiffs have no legal capacity to sue for a writ of mandamus in their own names, dismissal is required. See Ort v. Hutchinson (1961), 114 Ohio App. 251, 255.[4] Second, Plaintiffs failed to even plead "the existence of a legal duty and the want of an adequate remedy at law," elements necessary to establish the right to a writ of mandamus. Felson v. McHenry (2001) 146 Ohio App. 3d 542, 545. The complaint does not even mention the Village's duty to initiate appropriation proceedings, and does not allege that Plaintiffs have no adequate remedy at law. Under these circumstances, Plaintiffs have failed to state a claim upon which relief may be granted. See Harris v. City of Toledo (1995), 74 Ohio St. 3d 36, 38. Plaintiffs' claim for a writ of mandamus is dismissed without prejudice.

**V.    Defendants' Motion to Dismiss Counts II, III, and IV for Failure to Identify Expert Witnesses and Provide Written Reports, Defendants' Motion to Strike Charles Porter's Affidavit**

---

[4] Citing McLaughlin v. Cuyahoga County Board of Elections (2004), 156 Ohio App. 3d 98, Plaintiffs note that even though the plaintiff in that case failed to file her petition for a writ of mandamus in the name of the state, the court nevertheless proceeded to review the merits of the petition. That case, however, involved an impending primary election and the issue needed to be decided in a hurry. Plaintiffs in this case have not demonstrated any such urgency.

January 30, 2006 was the deadline for designating primary expert witnesses and providing expert witness reports as required by Federal Rule of Civil Procedure 26(a)(2).  It is undisputed that Plaintiffs failed to comply with that deadline.  However, on February 9, 2006, Plaintiffs served an initial disclosure identifying Barbara DeHays as an expert on the value of Plaintiffs' property; however, no written report was provided.  On May 15, 2006, Plaintiffs identified Emery J. Miller as an expert witness on "asset profiling and property market values," but again, no written report was provided.  On June 26, 2006, in support of their memorandum in opposition to Defendants' motion for partial summary judgment, Plaintiffs attached the affidavit of Charles R. Porter, Jr., a certified appraiser who opined about a loss in Plaintiffs' property values.

Defendants have filed two motions seeking sanctions for Plaintiffs' failure to timely identify expert witnesses and failure to provide written expert witness reports.  Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendants moved to prohibit Plaintiffs from using the testimony of DeHays, Miller and Porter as evidence at trial, at a hearing, or on a motion.  In the alternative, Defendants request that they provided with written expert reports immediately, be granted leave to depose these experts, and be granted leave to designate their own expert witnesses.  As an additional sanction, Defendants moved to dismiss Counts II, III, and IV of Plaintiff's complaint, and the derivative claim for a writ of mandamus.  In a separate motion, Defendants also moved to strike Charles R. Porter, Jr.'s affidavit; that motion is unopposed.

The applicable rule states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a

> hearing, or on a motion any witness or information not so
> disclosed. In addition to or in lieu of this sanction, the court, on
> motion and after affording an opportunity to be heard, may impose
> other appropriate sanctions. In addition to requiring payment of
> reasonable expenses, including attorney's fees, caused by the
> failure, these sanctions may include any of the actions authorized
> under Rule 37(b)(2)(A), (B), and (C) and may include informing
> the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). Dismissal of the action as a possible sanction is authorized by Rule 37(b)(2)(C).

Plaintiffs concede that they failed to timely identify DeHays, Miller, and Porter as expert witnesses, and have not provided expert witness reports. Moreover, Plaintiffs do not claim that the failure was substantially justified or that it was harmless, and do not deny that such testimony must be excluded.[5] The plain language of the rule prohibits Plaintiffs from using "as evidence at a trial, at a hearing, or on a motion" the testimony of these three witnesses. See also Bowe v. Consolidated Rail Corp., No. 99-4091, 2000 WL 1434584, at *2 (6th Cir. Sept. 19, 2000) (holding that exclusion of expert witness testimony for failure to make timely disclosures is mandatory unless violations were harmless or substantially justified). The Court therefore grants Defendants' unopposed motion to strike Porter's affidavit, and grants Defendants' motion to preclude the use of the expert testimony of DeHays, Miller, and Porter.

Defendants ask the Court, as an additional sanction under Rule 37(c)(1), to dismiss Counts II, III, and IV of Plaintiff's complaint, and the derivative claim for a writ of mandamus.[6]

---

[5] As Defendants note, they were prejudiced because they had no opportunity to depose these expert witnesses or to hire their own expert witness to rebut their testimony.

[6] Since the Court has already dismissed Counts I, II, and III, and the petition for a writ of mandamus, this motion is now relevant only to Count IV, which alleges that Defendants' actions in failing to provide proper notice of the rezoning and then attempting to cover it up constitutes

Citing Sexton v. Uniroyal Chemical Company, No. 01-5772, 2003 WL 1870918 (6th Cir. April 8, 2003), Defendants argue that because exclusion of the expert witness testimony of DeHays, Miller, and Porter regarding the fair market value of Plaintiffs' property and damages incurred as a result of the rezoning essentially guts Plaintiffs' claims and leaves no evidence for trial, dismissal is warranted.

The Sixth Circuit held in Sexton that dismissing a claim for violations of discovery rules "is the sanction of last resort." Id. at **5.  The appellate court nevertheless affirmed the district court's dismissal as a sanction for failure to timely disclose expert witnesses.  Sexton, however, is factually distinguishable because it was a products liability case, and plaintiff's counsel admitted at a hearing that exclusion of the expert witnesses would be tantamount to a dismissal. In contrast, Plaintiffs in this case argue that even if the Court excludes the testimony of DeHays, Miller, and Porter, they can still provide evidence of damages.  Citing Smith v. Padgett (1987), 32 Ohio St. 3d 344, and Tokles & Son, Inc. v. Midwestern Indem. Co. (1992), 65 Ohio St. 3d 621, Plaintiffs note that, under Ohio law, owners of real property are, by virtue of their ownership, permitted to testify concerning the market value of their property.[7]  Plaintiffs contend that since they were included in the initial disclosures on the list of persons who possessed information relevant to their claims, and can testify about the value of their property, the exclusion of the expert witness testimony is not fatal to their claims.  In the Court's view, this

_____

fraud.

[7] Federal courts have held the same.  See e.g., LaCombe v. A-T-O, Inc., 679 F.2d 431, 432 (5th Cir. 1982) (referring to the general principle that "the owner of property is qualified by his ownership alone to testify as to its value.").

case is clearly distinguishable from <u>Sexton</u>.  Under the circumstances presented here, the harsh

sanction of dismissal of the claims is not warranted.

## VI.    Conclusion

For the reasons stated above, the Court:

A.    **DENIES AS MOOT** Defendants' motion to strike Plaintiffs' objections to Magistrate Judge Kemp's Order (Record at 45);

B.    **OVERRULES** Plaintiffs' objections to Magistrate Judge Kemp's Order (Record at 47);

C.    **GRANTS** Defendants' motion to strike Plaintiffs' exhibits filed in response to Defendants' motion for sanctions (Record at 51) and **ORDERS** Document 50 stricken from the record;

D.    **GRANTS** Plaintiffs' motion for leave to file a memorandum in opposition to Defendants' motion for sanctions *instanter* (Record at 52);

E.    **GRANTS IN PART** Defendants' motion for sanctions (Record at 34), and **ORDERS** Plaintiffs' counsel to pay to Defendants, within 30 days of the date of this Order, $421.33 in attorney fees and costs related to Plaintiffs' failure to appear at their depositions;

F.    **DENIES** Defendants' motion to strike Plaintiffs' motion for partial summary judgment (Record at 29);

G.    **DENIES** Plaintiffs' motion for partial summary judgment on Count I (Record at 24);

H.    **GRANTS** Defendants' motion for partial summary judgment (Record at 30) on Count I, II, and III, and the prayer for a writ of mandamus; Count I is dismissed with prejudice, but Counts II and III and the prayer for a writ of mandamus are dismissed without prejudice;

I.    **GRANTS IN PART and DENIES IN PART** Defendants' motion to dismiss Counts II, III, and IV of the complaint for failure to timely identify expert witnesses and provide expert witness reports (Record at 42); while dismissal of the claims is not warranted, Plaintiffs are prohibited from using the testimony of DeHays, Miller, and Porter, at trial, at any hearing, or on any motion; and

J.    **GRANTS** Defendants' motion to strike Charles R. Porter, Jr.'s affidavit (Record

24

at 46).

Only the fraud claim (Count IV) and the Fourth Amendment claim (Count V) remaining pending for trial.

**IT IS SO ORDERED.**


Date: March 12, 2007                          **/s/ John D. Holschuh**
                                              John D. Holschuh, Judge
                                              United States District Court

25